IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WILCOX, #223192 | : | |
| Petitioner | : | |
| v. | : | Civil Action No. DKC-06-82 |
| NANCY ROUSE | : | |
| Respondent | : | |

o0o
## **MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 on January 11, 2006, alleges that Petitioner is entitled to immediate release from custody due to an error in the calculation of his release date under his term of confinement. Paper No. 1. On January 23, 2006, this court issued an Order to Show Cause. Paper No. 2. Petitioner subsequently sought indigency status[1] (Paper No. 3) and filed a "Motion of Amendment" seeking to add an additional ground for relief to his Petition.[2] Paper No. 4. Respondent has filed a Response (Paper No. 7), and Petitioner has filed a Reply. Paper No. 8. A hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Petition for Writ of Habeas Corpus shall be denied.

Background

On April 16, 1992, Petitioner was sentenced in the Circuit Court for Harford County to

---

[1] Petition's request to proceed *in forma pauperis* shall be granted.

[2] Petitioner seeks to add a new ground for relief, namely that a recent decision in the Maryland Court of Appeals supports a conclusion that the method of calculation used in awarding him diminution credits amounts to an *ex post facto* violation. Petitioner's request to amend the Petition shall be granted.

1

aggregate sentences totaling thirty years.[3] The sentences commenced from March 2, 1992, reflecting forty-five days credit for pre-sentence incarceration.[4] Paper No. 7, Exhibit 1.

Petitioner sought review of his sentence as permitted under Maryland law.[5] On April 8, 1993, a three-judge panel modified the fifteen-year partially suspended sentence for child abuse and instead fully suspended it. *Id.*, Exhibit 2. No action was taken to modify the two sex offenses, leaving Petitioner with twenty years to serve. *Id*. As a result of the panel's decision an amended commitment order was issued on June 11, 1993, reflecting a term of confinement for twenty years dating from March 2, 1992, with a maximum expiration date of March 2, 2012. *Id.*, Exhibits 3 and 6.

The facts set forth above are not at issue. Instead, this case turns on whether Petitioner is entitled to five or ten days good conduct credit for each month of imprisonment. Under Md. Code Ann., Corr. Serv., § 7-501, a prisoner is released on mandatory supervision[6] after he or she has served the imposed term of confinement, minus diminution of confinement credits for good conduct, special projects, education or industry.[7] When Petitioner was sentenced on April 16, 1992, Maryland law entitled him to good conduct credits at the rate of five days per month. The review

---

[3] He received a ten-year sentence for one count of third degree sex offense, a ten-year sentence for a second count of third degree sex offense, consecutive to the first sentence, and a fifteen-year sentence with all but ten years suspended for child abuse, consecutive to the second sex offense conviction. Paper No. 7, Exhibit 1.

[4] Petitioner's maximum expiration date for his term of confinement, March 2, 2022, is not in dispute.

[5] *See* Md. Code Ann., Art. 27, § 645JA, recodified generally under Title 8, Subtitle 1 of the Criminal Procedure Article.

[6] Mandatory supervision is a conditional release from confinement. *See* Md. Code Ann., Corr. Serv. §§ 7-101(g) and 7-501.

[7] Allowable credits are set forth under Md. Code Ann., Corr. Serv. Title 3, Subtitle 7 and Title 11, Subtitle 5.

2

panel's decision, however, was rendered On April 8, 1993, subsequent to a change in Maryland law permitting an award of ten days good conduct time per month for those sentenced on or after October 1, 1992.[8]

On October 23, 2002, Petitioner sought habeas corpus relief in this court, arguing that the date of the panel's decision was his actual "sentencing" date entitling him to ten good conduct credits each month. The Petition was dismissed on December 18, 2002, because the claim had not been fully exhausted in the state courts. *See Wilcox v. Maryland Correctional Institution-Hagerstown,* Civil Action No. DKC-02-3131 (D. Md. 2002), Paper Nos. 1, 10 and 11. A certificate of appealability was denied on April 10, 2003, by the United States Court of Appeals for the Fourth Circuit. *Id.*, Paper No. 17.

Thereafter, Petitioner sought habeas corpus relief in the Circuit Court for Washington County, arguing that the date of the panel's decision was his actual "sentencing" date entitling him to ten good conduct credits each month. Relief was denied on April 27, 2004. Paper No. 7, Exhibits 8 and 9. A subsequent appeal to the Court of Special Appeals of Maryland was denied October 13, 2005.[9] *Id.*, Exhibit 10. A writ of *certiorari* was denied by the Court of Appeals of Maryland on December 21, 2005. *Id.*, Exhibit 12.

<u>Standard of Review</u>

Preliminarily, the court observes that this Petition was filed pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254 . Title 28 U.S.C. § 2254 is used to attack state convictions, while 28 U.S.C. § 2241 is used to attack the execution of sentences and encompasses all persons in custody in

---

[8]   *See Maryland House of Correction v. Fields,* 703 A.2d 167, 178, 348 Md. 245, 268 (1997).

[9]   The mandate issued November 28, 2005. *Id.*, Exhibit 11.

violation of the Constitution or federal law. *See* 28 U.S.C. §§ 2241 & 2254; *see also Felker v. Turpin*, 518 U.S. 651, 658-663 (1996). Arguably, this Petition is subject to the one year limitation provision of 28 U.S.C. § 2244(d)[10].  That period begins to run,

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

The factual predicate for the claim asserted in the instant case became clear with the issuance of the amended commitment order issued on June 11, 1993.  At that point, Petitioner knew or should have known that he was receiving five good conduct credits each month.  Had he been diligent in following the change in the statute controlling the award of such credits or in litigation affecting entitlement to same, he at the latest would have learned about such changes by the time Maryland's appellate court issued its ruling in *Fields*.  His first attempt to seek relief, however, was inexplicably delayed until September, 2002, when he first sought federal habeas corpus relief here.

Assuming the limitations period does not apply to bar Petitioner's claim, his action nonetheless must be dismissed because the awarding of good conduct credits under a state statutory

---

[10] The United States District Court for the Middle District of North Carolina has issued a decision which discusses the application of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C § 2244(d) one-year limitation provision to § 2241 petitions, *McLean v. Smith*, 193 F.Supp.2d 867, 871-72 (M.D. N.C. 2002).   The Fourth Circuit has not published an opinion on the issue. *See Copson v. Virginia Parole Bd.*, 230 F.3d 1352, 2000 WL 1283046 (4th Cir., Sept. 12, 2000) (unpub.)

scheme is entirely a matter of state law and thus presents no basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions.")

Petitioner has been afforded the opportunity to present his claim in the state courts. He is not entitled to relief here. A separate order follows.

____5/24/06_____  _____/s/_____
Date  DEBORAH K. CHASANOW
  United States District Judge